## STATE OF CONNECTICUT *v.* TERRY SEAY
### (AC 31692)

Gruendel, Beach and Robinson, Js.

Argued January 7—officially released May 10, 2011

*Glenn W. Falk*, special public defender, for the appellant (defendant).

*Lawrence J. Tytla*, supervisory assistant state's attorney, with whom, on the brief, was *Michael L. Regan*, state's attorney, for the appellee (state).

*Opinion*

BEACH, J. The defendant, Terry Seay, appeals from the judgment of conviction, rendered after a jury trial, of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4).[1] The defendant claims that the judgment should be modified to reflect a conviction of the lesser included offense of robbery in the second degree. We affirm the judgment of the trial court.

---

[1] The defendant was also convicted of larceny in the fourth degree in violation of General Statutes § 53a-125. The defendant does not challenge that conviction on appeal.

The following facts, which the jury reasonably could have found, and procedural history are relevant to this appeal. On November 11, 2008, shortly after 2 p.m., the defendant entered a wine and spirits shop in the town of Groton. The defendant, who was carrying a blue duffle bag with green handles, approached a cash register attended by Michelle Malone. The defendant placed the duffle bag on the counter and unzipped it, revealing to Malone "some kind of firearm inside . . . ." The bag appeared to Malone to be approximately two feet long, and the firearm appeared to be as long as the bag itself. In a soft voice, the defendant told Malone, "[y]ou see what I have in this bag. Now, you're going to open your register." Malone removed the cash drawer from the register and placed the drawer on the counter. The defendant instructed Malone and another employee to lie on the ground and count to 100. The defendant took $740 from the register and left the store. Malone activated a security alarm. Officers with the Groton town police department responded to the scene.

Following an investigation, the police obtained and executed a search warrant for, inter alia, the defendant's residence. In a garbage can outside the duplex where the defendant resided, the police found a blue duffle bag with green handles, matching the duffle bag that the police had seen in security camera footage of the robbery. Inside the duffle bag was a $1 bill. The bag apparently had originally contained a badminton set, which was found in the defendant's basement. The police also searched the hedge line on the border of the defendant's property. They found, hidden underneath leaves, broken pieces of what, when put together, was described as a long "facsimile firearm, like a BB gun . . . ." The facsimile firearm contained metal parts that had been covered in black electrical tape.

The defendant was arrested and charged with, inter alia, robbery in the first degree. At trial, after a discussion in chambers, the court stated on the record that

it intended to instruct the jury on the lesser included offense of robbery in the second degree and to give the jury an affirmative defense instruction. The court instructed the jury on the elements of robbery in the first degree and robbery in the second degree. The court further instructed the jury that if it was to find that the state had failed to prove beyond a reasonable doubt any one or more of the essential elements of robbery in the first degree or that the defendant had proven the affirmative defense of inoperability, by a preponderance of the evidence, then it was to find the defendant not guilty of robbery in the first degree. If it so found, then the jury was to determine whether the defendant is guilty of robbery in the second degree.

The jury returned a verdict of guilty on the count of robbery in the first degree.[2] The defendant moved for a judgment of acquittal on the ground that the inoperability of the firearm had been established by a preponderance of the evidence. The court deferred ruling on the motion until sentencing, at which time the court denied the motion. The court sentenced the defendant to fifteen years incarceration, execution suspended after twelve years, and five years probation. This appeal followed.

The defendant claims that the judgment of conviction of robbery in the first degree should be reversed and the case remanded with direction to modify the judgment to reflect a conviction of robbery in the second degree. The defendant argues that the judgment should be so modified because the affirmative defense of inoperability of the weapon used during the robbery indisputably was proven by a preponderance of the evidence. We are not persuaded.

The defendant essentially asks us to reverse the judgment of conviction of robbery in the first degree and

---

[2] The defendant was also charged with, and found guilty of, larceny in the fourth degree. See footnote 1 of this opinion.

to modify the judgment to reflect a conviction of the lesser included offense of robbery in the second degree. "This court has modified a judgment of conviction after reversal, if the record establishes that the jury necessarily found, beyond a reasonable doubt, all of the essential elements required to convict the defendant of a lesser included offense." *State* v. *Greene*, 274 Conn. 134, 160, 874 A.2d 750 (2005), cert. denied, 548 U.S. 926, 126 S. Ct. 2981, 165 L. Ed. 2d 988 (2006).

"A person is guilty of robbery in the first degree when, in the course of the commission of the crime of robbery as defined in section 53a-133[3] . . . he or another participant in the crime . . . (4) displays or threatens the use of what he represents by his words or conduct to be a pistol, revolver, rifle, shotgun, machine gun or other firearm, except that in any prosecution under this subdivision, it is an affirmative defense that such pistol, revolver, rifle, shotgun, machine gun or other firearm was not a weapon from which a shot could be discharged. . . ." General Statutes § 53a-134 (a); see also General Statutes § 53a-12 (b) (defendant has burden of establishing affirmative defense by preponderance of evidence).

The affirmative defense of inoperability operates only to reduce a conviction of robbery in the first degree. Section 53a-134 (a) specifically provides that "[n]othing contained in this subdivision shall constitute a defense to a prosecution for, or preclude a conviction of, robbery in the second degree, robbery in the third degree or any other crime." General Statutes § 53a-135 (a) provides: "A person is guilty of robbery in the second

---

[3] General Statutes § 53a-133 provides: "A person commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of: (1) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or (2) compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny."

degree when he commits robbery as defined in section 53a-133 and . . . in the course of the commission of the crime . . . he . . . (2) displays or threatens the use of what he represents by his words or conduct to be a deadly weapon or a dangerous instrument."

The defendant argues that his conviction of robbery in the first degree should be modified to reflect a conviction of the lesser included offense of robbery in the second degree because the affirmative defense of inoperability was proven at trial by a preponderance of the evidence. He contends that there was no evidence that the facsimile firearm found by the police was operable and that there was no evidence that a gun other than the facsimile firearm was the one used during the robbery. He notes that the uncontradicted evidence demonstrates that, following the robbery, dispersed parts of a facsimile firearm were found in close proximity to the duffle bag and argues that the only reasonable explanation for this is that he had used the facsimile gun during the robbery.

In this case, the jury necessarily found that the state met its burden of proving the elements of robbery in the first degree and that the defendant did not prove the affirmative defense of inoperability by a preponderance of the evidence.[4] Evidence was presented at trial that indicated that something that resembled a firearm was used by the defendant during the robbery. As the defendant points out, the evidence demonstrated that

[4] The state meets its burden of proof regarding robbery in the first degree by proving beyond a reasonable doubt that, inter alia, the defendant displayed or threatened the use of what he represented to be a firearm. See General Statutes § 53a-134 (a) (4). If the defendant so chooses and the evidence permits, he may assert the affirmative defense of inoperability. See General Statutes § 53a-134 (a). "Because inoperability is an affirmative defense, the defendant was required to raise and prove it by a preponderance of the evidence." State v. Ortiz, 71 Conn. App. 865, 870, 804 A.2d 937, cert. denied, 261 Conn. 942, 808 A.2d 1136 (2002). Proving the defense by a preponderance of the evidence results in a conviction of robbery in the second degree.

near the duplex where he resided, the police found a facsimile firearm in proximity to a blue duffle bag with green handles. During closing argument, the prosecutor suggested that the facsimile firearm likely was used by the defendant during the robbery. The prosecutor argued that "[w]e've introduced a facsimile firearm into evidence. We can't prove beyond a reasonable doubt that that's the one that's in the bag, but it's a reasonable likelihood that that is the one that was in the bag. I think common sense would tell you that that probably was."

Although the jury reasonably could have found that the firearm found by the police was the same item used by the defendant during the robbery, the jury was not obligated so to find. It was within the province of the jury not to believe by a preponderance of the evidence that the facsimile firearm found by the police was used by the defendant during the robbery. See, e.g., *State* v. *Medina*, 228 Conn. 281, 310, 636 A.2d 351 (1994) (jury free to accept or reject, in whole or in part, evidence presented). We note that Malone did not testify that the facsimile firearm found by the police was the same weapon used during the robbery. Operability is not an element of robbery in the first degree. It was the defendant's burden to prove inoperability and the jury reasonably could have determined that the defendant had not proven the affirmative defense of inoperability by a preponderance of the evidence. Accordingly, we decline the defendant's invitation to modify the judgment to reflect a conviction of robbery in the second degree and to remand the case for resentencing accordingly.

The judgment is affirmed.

In this opinion the other judges concurred.